1  LANDON YOST
   KENTON MCINTOSH
2  Trial Attorneys, Tax Division
3  U.S. Department of Justice
   P.O. Box 683
4  Washington, D.C. 20044
   Phone: 202-307-2144 (Yost); 202-514-3768 (McIntosh)
5  Fax: 202-307-0054
6  Landon.M.Yost@usdoj.gov
   Kenton.McIntosh@usdoj.gov
7
8  *Counsel for the United States*

9

10              **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF NEVADA**

11

12  | | |
    |---|---|
    | UNITED STATES OF AMERICA,<br>            Plaintiff,<br>            v.<br>LAWRENCE J. SEMENZA II, *et al.*,<br><br>            Defendants. | Case No.    2:25-cv-01937-APG<br><br>Related Case No. 2:22-cv-02059-APG-DJA<br><br>**UNITED STATES' MOTION TO OPEN SEALED RELATED CASE AND TO FILE UNDER SEAL AND EX PARTE**<br><br>*FILED UNDER SEAL AND EX PARTE* |

13
14
15
16
17
18
19
20         The United States, by and through its undersigned counsel, hereby moves the Court to
21  open a sealed miscellaneous proceeding related to the above referenced case and to file the United
22  States' Motion for Writ of Ne Exeat Republica and supporting documents under seal and ex parte
23  in the sealed related case in accordance with LR IA 7-2(b) and 10-5.
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Through the requested Writ of Ne Exeat Republica under 26 U.S.C. § 7402(a), the United States seeks to have Defendant Lawrence J. Semenza II civilly detained in the United States until either he pays off his sizeable tax debts or establishes that he has no assets overseas. Crucially, the Court must issue this writ ex parte and under seal for it to be effective. If Mr. Semenza were to receive notice of this writ, he would simply choose not to return to the United States from his current residence in Portugal, rendering the writ meaningless.

**I. Filing Ex Parte is Needed to Ensure Mr. Semenza Returns to the United States**

Under Local Rule 7-2(b), a movant must "articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis." While there is no federal rule of civil procedure specifically governing writs of ne exeat republica, the standard for their issuance is analogous to the framework for a temporary restraining order under Federal Rule of Civil Procedure 65(b)(1). *See, e.g.*, *United States v. Lipper*, No. C-81-1222-RPA, 1981 WL 1762, at *7 (N.D. Cal. Mar. 25, 1981) (citing Rule 65(b) in considering a request for a writ of ne exeat republica). This rule permits injunctive relief without notice to the adverse party when a movant demonstrates that "immediate and irreparable injury, loss, or damage will result" before the adverse party can be heard in opposition.

The United States has satisfied this standard. As the attached exhibits show and explained more thoroughly in the motion for a writ of ne exeat republica, Mr. Semenza owes sizeable tax debts and has gone to great lengths to evade the United States' collection efforts. Mr. Semenza is personally liable for tax debt of $1,241,917.02 as of October 16, 2024, a liability previously determined at summary judgment (ECF No. 76). Furthermore, subpoenaed domestic bank records reveal that Mr. Semenza has likely expatriated hundreds of thousands of dollars—funds that should have been used to satisfy his sizeable tax debt. (Wise Payment Schedule, Ex. 5.) The risk of Mr. Semenza evading the writ by remaining outside the country constitutes the precise "immediate and irreparable injury" that Rule 65(b)(1) is designed to prevent.

When confronted with this issue, the courts have consistently considered motions for the writs of ne exeat republica under seal and ex parte. *E.g.*, *United States v. Kolade*, No. 3:24-mc-

1   00042-JAM, ECF No. 1 (Motion for Writ of Ne Exeat Republica and Supporting Memorandum)

2   (filed on April 9, 2024) (attached as Exhibit 10); *United States v. Kolade*, No. 3:24-mc-00042-

3   JAM, ECF No. 6 (unpublished order attached as Exhibit 11) (issued April 10, 2024) (granting

4   Ex. 10 ex parte and under seal in a sealed related case); *United States v. Lipper*, No. C-81-1222-

5   RPA, 1981 WL 1762, at *4 (N.D. Cal. Mar. 25, 1981) (granting a writ of ne exeat republica ex

6   parte and under seal); *United States v. Barrett*, No. 10-CV-02130-RBJ, 2014 WL 321141, at *1

7   (D. Colo. Jan. 29, 2014) (same); *United States v. Clough*, No. C-73-2105-SW, 1977 WL 1196, at

8   *3 (N.D. Cal. May 20, 1977) (same) ("The writ is an extraordinary writ, which may be obtained

9   ex parte, but at the discretion of the court.").

10       Accordingly, the undersigned counsel has not attempted to confer with Mr. Semenza

11   regarding this motion. Because Mr. Semenza's awareness of the writ would likely deter his

12   return to the United States from Portugal, prior notice is not required before his detention.

13       **II. Compelling Reasons Justify Filing This Motion Under Seal**

14       In addition to being filed ex parte, these materials should also be filed under seal. Ex

15   parte motions are generally filed under seal to prevent the adverse party from gaining access to

16   them. *Crittendon v. Lombardo*, No. 2:17-CV-01700-RFB-PAL, 2018 WL 6179493, at *4 (D.

17   Nev. Nov. 26, 2018). A court has supervisory power over its own records and files and may

18   exercise this power to seal documents where the public's right of access is outweighed by

19   competing interests. *E.g.*, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978),

20   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A party

21   seeking to seal a judicial record bears the burden of overcoming the strong presumption of public

22   access by meeting the "compelling reasons" standard.[1] *Kamakana*, 447 F.3d at 1178 (quoting

23   *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

24

25

---

26   [1] Arguably, this motion to seal is subject to a lighter standard. In *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, the Ninth Circuit held that sealing materials related to nondispositive mat-

27   ters that are unrelated to the merits of the underlying case is subject to a less stringent "good cause" standard as opposed to the more strict "compelling reasons" standard. 307 F.3d 1206,

28   1213 (9th Cir. 2002). It is unclear how the Ninth Circuit would treat the Motion for a Writ of Ex Ne Republica, but regardless, the United States satisfies the "compelling reasons" standard.

1        The United States easily satisfies this standard. As explained above, filing this motion

2  and its related documents under seal is the only course of action that will prevent Mr. Semenza

3  from evading the requested writ and causing further injury to the United States. To enforce the

4  tax laws, the United States has a critical interest in gaining access to the assets that Mr. Semenza

5  holds in Portugal and any other foreign country. Mr. Semenza could easily evade the execution

6  of the writ and permanently remain in Portugal, thus eluding the United States' tax collection

7  efforts indefinitely, should he become aware that the writ has been issued. While there is always

8  a public interest in access to court files and pleadings, in this case the serious injury that would

9  result to the United States if the motion were not filed under seal overwhelms that public interest.

10  *See, e.g.*, *Nixon*, 435 U.S. at 598 (indicated that access to court files is properly denied where the

11  files would otherwise be used as a "vehicle for improper purposes").

13  DATED: September 30, 2025          Respectfully submitted,

15                            */s/ Kenton McIntosh*

                                 KENTON MCINTOSH

16                             Trial Attorney, Tax Division

18                             IT IS SO ORDERED:

21                             UNITED STATES DISTRICT JUDGE

22                             DATED:    10/8/25