UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br> v.<br><br>LAWRENCE J. SEMENZA II,<br><br>        Defendant. | Case No. 2:25-cv-01937-ART-NJK<br><br>ORDER TO OPEN DISCOVERY AND<br>SET EVIDENTIARY HEARING<br><br>(ECF Nos. 19, 36) |

This case concerns a writ of *ne exeat republica,* issued upon the Government's showing that Defendant Lawrence J. Semenza II was likely to go abroad and frustrate collection of his substantial tax liabilities. (ECF No. 5.) The writ detains him within the jurisdiction of this Court. (*Id.*) Mr. Semenza moved to quash the writ (ECF No. 8), and his motion was denied. (ECF No. 25.) The Government now moves to open discovery, pursuing evidence to sustain the writ and to collect on Mr. Semenza's debts. (ECF No. 19.) Mr. Semenza opposes opening discovery and moves to set an evidentiary hearing no later than December 12, 2025. (ECF Nos. 30, 36.)

The Court permits discovery and sets an evidentiary hearing on January 29, 2026.

## I. Background

The instant case is the most recent of several proceedings involving Mr. Semenza's outstanding tax liabilities. In 2014, Mr. Semenza was criminally prosecuted in this district on three counts of failing to file his tax returns for the years 2007, 2008, and 2009. 26 U.S.C. § 7203; *United States v. Semenza,* 2:14-CR-271-JCM-PAL-1 ("Criminal Case"). He pled guilty and was sentenced to a total of 18 months in custody and ordered to pay $290,009 in restitution. (Criminal

Case ECF Nos. 2, 6, 22.) Mr. Semenza has also appeared in tax court several times from 2011 to 2017, both in his individual capacity and on behalf of his law firm.

The present case relates closely to another pending action in which the Government seeks to reduce to judgment Mr. Semenza's outstanding tax assessments for tax years 2001 to 2015, and to seize and apply the value of his former home to the debt. *United States v. Semenza*, 2:22-CV-2059-JAD-NJK ("Related Case") (Related Case ECF No. 1). On May 16, 2025, Chief Judge Gordon granted the Government partial summary judgment on the amount of Mr. Semenza's debt, determining that his and his deceased wife's personal tax liabilities amounted to $1,241,917. (Related Case ECF No. 76.) The court clarified that it had not entered judgment on this issue and would not unless the Government moved for entry of partial judgment under Fed. R. Civ. P. 54(b), which the Government has not yet done. (*Id.*)

In anticipation of a bench trial on the remaining claims relating to Mr. Semenza's former residence, the Government moved to open the present case under seal and for an *ex parte* writ of *ne exeat republica*. (ECF Nos. 1, 2.) The Government argued that the writ was justified because if Mr. Semenza returned to his home in Portugal after testifying at the trial, the Government may be unable to effectuate collection of its summary judgment order. (ECF No. 2.) Chief Judge Gordon granted the writ on October 9, 2025. (ECF No. 5.)

The trial regarding Mr. Semenza's former home began on October 20, 2025. (Related Case ECF No. 113.) In the afternoon of the first day, Mr. Semenza, still unaware of the writ, appeared and gave testimony. (Related Case ECF No. 120.) After he had testified for about two hours, U.S. Marshals arrested him. (*Id.*) Mr. Semenza immediately had a preliminary hearing on the writ, at which it was agreed that he would be released from custody after turning over his passports

to the U.S. Marshal. (*Id.*) After that, Mr. Semenza was confined to the jurisdiction of the Court except by leave of court order. (ECF No. 5.)

Three days later, on Mr. Semenza's motion, Chief Judge Gordon recused himself from both the Related Case and the instant case on the grounds that the unnoticed mid-hearing execution of the writ created an appearance of impropriety. (Related Case ECF No. 125.) Mr. Semenza then moved to quash the writ. (ECF Nos. 7, 8.) His motion was denied at the hearing of November 7, 2025. (ECF No. 25.) The Court instructed the Government to supplement its motion to open discovery, and initially set an evidentiary hearing for December 4, 2025, at which the Government would bear the burden to show that the writ should remain in force. (ECF Nos. 25, 26.) The Government moved to continue the hearing (ECF No. 32), the continuance was granted, and the hearing date was vacated. (ECF No. 35.) Shortly afterward, Mr. Semenza filed an emergency motion to reset the evidentiary hearing promptly, requesting that it take place by December 12, 2025. (ECF No. 36.)

## II. Discussion

The writ of *ne exeat republica* is form of injunctive relief that "restrains the defendant from leaving the jurisdiction in order to compel feasance to the sovereign." *United States v. Mathewson,* No. 92-1054-CIV-DAVIS, 1993 WL 113434, at *1 (S.D. Fla. Feb. 25, 1993); *see United States v. Robbins*, 235 F. Supp. 353, 356 (E.D. Ark. 1964). The Internal Revenue Code gives district courts the power to issue the writ "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Modern courts have analogized the writ to a preliminary injunction, and granted the writ upon the Government's showing that "(1) [there is] a substantial likelihood the movant will succeed on the merits; (2) the movant will suffer an irreparable injury if the injunction is not issued; (3) the potential injury to the movant outweighs the potential harm to the

opposing party; and (4) the injunction would not disserve the public interest." *Mathewson,* 1993 WL 113434, at \*2 (internal citations omitted).

### A. Courts permit writ-related discovery.

Caselaw clearly establishes that discovery is an allowable purpose of the writ. In 1971, the Seventh Circuit became the first to opine that "[i]n an appropriate case, the detention of a citizen for a limited time…might be justified" for the purpose of enabling "the Government to have effective discovery, both on issues of liability and with respect to the location, value, and legal status of [that citizen's] property." *United States v. Shaheen,* 445 F.2d 6, 12 (7th Cir. 1971).

Since *Shaheen*, discovery has been ordered in four cases briefed by the parties. *Mathewson,* 1993 WL 113434, at \*3; *United States v. Barrett,* No. 10-CV-02130-RBJ, 2014 WL 321141, at \*1 (D. Colo. Jan. 29, 2014); *United States v. Kolade,* No. 3:22-CV-00459-KAD, 2025 WL 521095, at \*1 (D. Conn. Feb. 18, 2025); *United States v. Lipper,* No. C-81-1222-RPA, 1981 WL 1762, at \*7 (N.D. Cal. Mar. 25, 1981). In all four cases, the courts ordered discovery at the same time as they issued or declined to quash the writ, and none of them conducted a separate analysis that was specific to discovery. *See, e.g. Mathewson,* 1993 WL 113434 at \*3; *Barrett,* 2014 WL 321141, at \*1; *Kolade,* 2025 WL 521095, at \*1; *Lipper,* 1981 WL 1762, at \*7. These courts ordered production of the defendant's "books and records" as part of the writ itself. *See, e.g. Kolade,* 2025 WL 521095, at \*1 (granting writ and requiring defendants to "produce to the United States all books and records of their assets, to determine the value and extent of their assets, wherever located and however held"); *Barrett,* 2014 WL 321141, at \*1 (granting writ and requiring defendants to "produce all books and records of their assets…"). Such orders to produce records, and other decisions authorizing specific discovery, indicate that discovery is deemed necessary to effectuating the purposes of the writ. *See, e.g. Lipper,* 1981 WL 1762, at \*7 ("The United States has additionally shown that its efforts to *ascertain* and seek the satisfaction of

1    Mr. Lipper's tax liabilities would clearly be frustrated unless the court grants its
2    request for the writ.") (emphasis added).

3    **B. Discovery is not premature.**

4    Mr. Semenza objects that collections discovery is premature because in the
5    Related Case, the partial summary judgment order on the amount of his liability
6    has not been reduced to judgment. Fed. R. Civ. P. 69. Normally, collections
7    discovery is only authorized post-judgment, while pre-judgment discovery is
8    limited to matters relevant to a claim or defense and proportional to the needs of
9    the case. Fed. R. Civ. P. 69, 26(b)(1). Mr. Semenza argues that the discovery the
10   Government seeks is for the purpose of collection, not relevant to a claim or
11   defense, and therefore not allowed pre-judgment. Mr. Semenza does not account
12   for the fact that courts dealing with the writ in the past have opened writ-related
13   discovery without a final judgment.

14   Of the four cases briefed by the parties that deal with writ-related discovery,
15   in three of them the court appears to have permitted discovery without or before
16   a final judgment on the collection amount. The *Lipper* and *Mathewson* courts
17   ordered and conducted discovery without mention of a final judgment, either in
18   the order or on the docket. *See Lipper,* 1981 WL 1762, at *4-5 (ordering discovery
19   pre-judgment); *Mathewson,* 1993 WL 113434, at *1 (same). In *Mathewson,* the
20   court ordered the writ and discovery based on a stipulated settlement of the
21   debtor's amount of liability. 1993 WL 113434, at *1. In *Lipper*, the Internal
22   Revenue Service's investigations provided evidence supporting the Government's
23   calculations of the amount of the debt. 1981 WL 1762, at *5. In *Barrett.* the Court
24   granted the writ and permitted discovery prior to entry of default judgment based
25   on investigators' proffered evidence of the outstanding liability. 2014 WL 321141,
26   at *2. Only in *Kolade* was there already a final judgment when the writ was
27   granted and discovery opened. 2025 WL 521095, at *1. Mr. Semenza has not
28   identified a case where discovery was denied at this stage.

As in *Lipper*, *Mathewson*, and *Barrett*, the Government here has shown that the taxpayer owes a debt, and that the other requirements for justifying temporary restraint under the writ are met. In granting the writ, Chief Judge Gordon found that the owing tax debt is $1,241,917.02 plus interest. (ECF No. 5 (citing Related Case ECF No. 76).) Here as in other cases, the presence or absence of a final judgment is not material to the decision to open discovery.

**C. One purpose of discovery is to decide if the writ should continue.**

Mr. Semenza also argues that the Government has not met its burden to show that his domestic assets are insufficient to satisfy his debts. (ECF No. 30.) The Government was not required to conclusively establish that his domestic assets were insufficient before obtaining the writ. *Cf. Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (requiring that a plaintiff seeking a preliminary injunction show that they are merely "likely" to suffer irreparable harm in the absence of relief). More precisely, the Government was required show that it would likely suffer irreparable injury if he was not restrained under the writ. *See Mathewson,* 1993 WL 113434, at *2 (evaluating writ under preliminary injunction standard). In support of the writ, the Government showed that Mr. Semenza owed taxes, transferred cash and personal property abroad, lived overseas, and that efforts to find and collect his domestic assets have had limited success. (ECF No. 2.)

As the Government acknowledges, one purpose of discovery is to identify whether it can meet its burden of showing that the writ should be maintained:

> The purpose of discovery in this case is to determine whether the writ should continue because Mr. Semenza has foreign assets, the collection of which would be jeopardized without the writ. In order to make this determination, the Court needs an accurate picture of Mr. Semenza's current financial condition, both his foreign assets (to see what can and should be repatriated) and his domestic assets (to see if there are sufficient sources of domestic collection to render the writ unnecessary).

(ECF No. 31 at 2.) Discovery is necessary so that Mr. Semenza may have a meaningful evidentiary hearing, where the Government will have the burden to show that Mr. Semenza's domestic assets are insufficient to satisfy his debts, and, if so, that his foreign assets, if any, can and should be repatriated to be applied to his debt.

**D. The meet-and-confer rule is not grounds for denying discovery.**

Mr. Semenza also argues that the Government failed to meet its obligation under LR 26-6(c) to meet and confer with him before submitting the motion to open discovery. (ECF No. 30.) Read as a whole, LR 26-6 appears to deal with "discovery disputes" regarding specific discovery requests, not motions to open discovery. Even assuming the meet and confer requirement applies, the Court deems it satisfied by the Government's outreach to Mr. Semenza's counsel, who declined to agree to open discovery. (ECF No. 19-1.)

**III.    Mr. Semenza's Motion to Set Evidentiary Hearing is granted in part.**

Mr. Semenza has moved to set an evidentiary hearing "for no later than December 12, 2025." (ECF No. 36.) Mr. Semenza has been detained under the writ since October 20, 2025, and he is entitled to a prompt evidentiary hearing at which the Government has the burden of proving that the writ should continue. *Shaheen*, 445 F.2d at 10. Recognizing that the writ is an extraordinary restraint on a taxpayer's liberty, other courts have permitted discovery on an expedited basis ranging from 20 to 120 days. *Lipper,* 1981 WL 1762, at *6 (limiting discovery to 120 days absent a showing of good cause); *Mathewson,* 1993 WL 113434, at *3 (establishing a 20-day discovery period). Under the particular circumstances of this case, a short discovery period will provide the Government with sufficient opportunity to discover evidence showing why the writ should continue, and appropriately limits unnecessary delay. While a useful

evidentiary hearing cannot take place by December 12, it can be held in relatively short order.

**IV.    Conclusion**

It is therefore ordered that the Government's Motion to Open Collection Discovery (ECF No. 19) is GRANTED.

It is furthermore ordered that Mr. Semenza's Emergency Motion to Set Evidentiary Hearing (ECF No. 36) is GRANTED IN PART and DENIED IN PART.

It is furthermore ordered that discovery will be opened from the date of this order until January 16, 2026.

It is furthermore ordered that an evidentiary hearing will be set for January 29, 2026 at 10:00 a.m.

DATED: December 10, 2025

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE